**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4086

TRAVIS WASHINGTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-97-225)

Submitted: December 7, 1999

Decided: December 27, 1999

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Fitzgerald Parnell, III, Parmele Calame, POYNER & SPRUILL,
L.L.P., Charlotte, North Carolina, for Appellant. Mark T. Calloway,
United States Attorney, Brian Lee Whisler, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to his guilty pleas, Travis Washington was convicted of one count each of conspiracy to possess with intent to distribute cocaine and cocaine base (21 U.S.C. § 846 (1994)) and possession with intent to distribute cocaine base (21 U.S.C.§ 841(a)(1) (1994)). Washington alleges on appeal that: (1) his guilty plea was not knowing or voluntary; (2) the district court improperly calculated his criminal history score; (3) defense counsel rendered ineffective assistance by failing to object to errors in his presentence report; (4) the district court erroneously found that he was a leader or organizer in the conspiracy for purposes of USSG § 3B1.1(c);[1] and (5) defense counsel rendered ineffective assistance by allowing him to plead guilty when the facts did not support the plea.[2] Finding no error, we affirm.

The record shows that Washington was part of a large drug conspiracy from 1994 to 1997. Washington started out as a street-level dealer, but moved his way up in the organization as people above him were arrested. Washington made several trips to New York, New Jersey, and Charlotte, North Carolina, to pick up drugs, and he was stopped on two of these trips by law enforcement officers, who found drugs in the vehicle and on his person.

Washington's first three claims center around his belief that the probation officer erroneously assessed six criminal history points based on four convictions for driving with a revoked license (two offenses), driving after drinking, and driving while impaired. Washington contends that these convictions should not have been counted because he received a suspended sentence in each. Washington further alleges that his plea was not knowing or voluntary because he was not aware that his sentence would be affected by these convictions.

We review Washington's claim concerning his plea de novo and

_____

[1] **U. S. Sentencing Guidelines Manual** (1997).

[2] Washington raises the last two issues in his pro se supplemental brief.

2

find it to be without merit. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The district court went through the plea agreement in great detail and fully advised Washington of his rights. For his part, Washington stated that he understood that his sentence would be governed by the Sentencing Guidelines. Washington further informed the court at sentencing that he had discussed the presentence report with counsel and agreed with its contents.

Washington asserts on appeal, however, that his agreement was conditioned on being properly sentenced according to the Guidelines, and that did not happen in his case. We disagree. The Guidelines expressly state that the offenses in question should be counted. See USSG § 4A1.2(c)(1) and comment. (n.5). Although the Guidelines do not specifically address suspended sentences in the context of this case, Washington cites to no authority, nor do we find any, supporting his claim that suspended sentences should not be counted.**3** To the contrary, when considering terms of imprisonment, the focus is on "the sentence pronounced, not the length of time actually served." USSG § 4A1.2, comment. (n.2). While Washington was not sentenced to an active term of imprisonment, we nevertheless find this language persuasive.

We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id. Because we find no errors in the presentence report, counsel was not ineffective for not objecting to its contents.**4**

_____

**3** **See United States v. Terry**, 916 F.2d 157, 162 (4th Cir. 1990) (burden is on defendant to show that presentence report is erroneous).

**4** Washington also emphasizes trial counsel's statement to the court during the plea hearing that he did not have any prior convictions. (JA at 33). There is nothing in the record suggesting one way or the other whether counsel was unaware of the prior convictions, or whether he miscalculated their effect on Washington's sentence. Because there is no clear error on the face of the record, we find it unnecessary to review any claim of ineffective assistance based on counsel's statement at this time.

Washington's remaining claims are without merit. The district court sustained defense counsel's objection to a role enhancement. Thus, there was no finding that he was a leader or organizer. Washington admitted to the court that he reviewed the facts contained in the presentence report concerning the offense conduct and that they were a correct representation of his involvement. As a result, the district court properly found that there was a factual basis for Washington's pleas. We therefore find that there is nothing on the face of the record showing that counsel was ineffective for allowing Washington to plead guilty.

Accordingly, we affirm Washington's convictions and sentence. Washington's motion to file a pro se supplemental brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED